UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Congregation Bais Chabad of Farmington Hills,<br>            Plaintiff,<br>     vs.<br>Tom Vilsack,<br>Secretary United States Department of Agriculture<br><br>            Defendant(s) | Case No.: No. _____ |

LAW OFFICE OF GILBERT BORMAN PLLC
Gilbert Borman (P37642)
Attorney for Plaintiffs
PO Box 250325
Franklin, MI 48025
(248) 825-3131
gb@borman.net
=======================================================================

### PLAINTIFFS' EMERGENCY EX-PARTE MOTION FOR INJUNCTIVE RELIEF

NOW COMES PLAINTIFF, by and through counsel, pursuant to Fed R Civ P 65(a) and for their Motion and supported by their Brief states as follows:

1.    Plaintiffs files this motion on or about September 20, 2015.

2.    The reason for this motion is the Detroit Shlug Kapores is scheduled for Monday evening, September 21, 2015 and must be held then.

3.    Without an Order from this Honorable Court, USDA will not permit the Shlug ritual and related observances to be held.

4.    This case was first brought today; and could not be served satisfactory to the Federal Rules, however, Plaintiff's counsel did advise USDA officials of the

intent to sue in a voice mail left Friday evening at 4:30 p.m. (Defendant's office closes at 3:30).

5.     Without the Court's Order, the Shlug cannot be held and the Plaintiff will suffer irreparable harm.

                                                  Respectfully submitted,

Dated: September 20, 2015                ____/s/ __ Gilbert Borman _
Gilbert Borman (P37642)
LAW OFFICE OF GILBERT BORMAN PLLC
Attorney for Plaintiffs
30700 Telegraph Road #2560
Bingham Farms, MI 48025
(248) 825-3131
gb@borman.net

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Congregation Bais Chabad of Farmington Hills,<br>   Plaintiff,<br> vs.<br>Tom Vilsack,<br>Secretary United States Department of Agriculture<br><br>   Defendant(s) | Case No.: No. _____ |

LAW OFFICE OF GILBERT BORMAN PLLC
Gilbert Borman (P37642)
Attorney for Plaintiffs
PO Box 250325
Franklin, MI 48025
(248) 825-3131
gb@borman.net
_____

**BRIEF IN SUPPORT**

**INTRODUCTION**

Plaintiffs seek injunctive relief because, without it, they lose this case. For Shlug Kapores to be held by the Detroit Jewish Community this year, this Motion must be granted.

The Shlug has to be held tonight and the birds fed to the poor families by late Tuesday afternoon.

It necessarily follows that, without this court's Order, Plaintiff will suffer irreparable harm.

Defendant may have the best of intentions but in refusing to allow the Shlug to go forward, they left Plaintiff no choice but to go to court for relief.

3

## FACTS

1. Plaintiff reiterates the facts as presented in his Complaint.

## DISCUSSION

In deciding whether to grant or deny a preliminary injunction, the Court must balance four factors:

> I. Whether the Plaintiffs have shown a strong or substantial likelihood of success on the merits;
>
> II. Whether the Plaintiffs have shown irreparable injury;
>
> III. Whether the issuance of a preliminary injunction would cause substantial harm to others; and
>
> IV. Whether the public interest would be served by issuing a preliminary injunction.

*Phillips v. Michigan Dept. Of Corrections*, 731 F. Supp. 792, 798 (W.D. Mich. 1990), *affirmed* 932 F.2d 969 (6th Cir. 1991). The four factors are not prerequisites to be met, but must be balanced. *In re DeLorean Motor Co.,* 755 F.2d 1223, 1228 (6th Cir. 1992). The purpose of the preliminary injunction is to preserve the status quo pending final determination of the lawsuit. *University of Texas v. Camenisch*, 451 U.S. 390, 395, 68 L. Ed. 2d 175, 101 S. Ct. 1830 (1981). Preliminary injunctions are addressed to the discretion of the district court. *Synanon Foundation, Inc. v. California*, 444 U.S. 1307, 62 L. Ed. 2d 454, 100 S. Ct. 496 (1979).

A court can enter a preliminary injunction if it finds that the Plaintiffs "at least shows serious questions going to the merits and irreparable harm which

decidedly outweighs any potential harm to the Defendant if an injunction is issued." *Friendship Materials, Inc. v. Michigan Brick, Inc.*, 679 F.2d 100, 105 (6th Cir. 1982). "Where the burden of the injunction would weigh as heavily on the Defendant as on the Plaintiffs [however], the Plaintiffs must make a showing of at least a 'strong probability of success on the merits' before a trial court would be justified in issuing the order." *Frisch's Restaurant, Inc. v. Shoney's, Inc.*, 759 F.2d 1261, 1270 (6th Cir. 1985). Also, as the strength of showing as to irreparable harm increases, the necessity to show likelihood of success on the merits decreases. *Ardister v. Mansour*, 627 F. Supp. 641, 644 (W.D.Mich. 1986). Yet in spite of the overall flexibility of the test for preliminary injunctive relief, the Sixth Circuit has stated that irreparable harm element is to be analyzed carefully. In *Friendship Materials, Inc. v. Michigan Brick, Inc.*, the court said:

> Despite the overall flexibility of the test for preliminary injunctive relief, and the discretion vested in the district court, equity has traditionally required [a showing of] irreparable harm before an interlocutory injunction may be issued. 679 F.2d 100, 103 (6th Cir. 1982).

In the instant case, Defendants are fully aware of and are on notice of Plaintiff's situation.

Defendants do have a duty to the public. However, in this case, the birds will be killed in a USDA facility compliant with USDA health and safety standards. The birds will be Kosher by virtue of the fact that two Rabbis with impeccable reputations are certifying the birds are Kosher and the facility at Amanah is ideal for the purpose. There is no greater likelihood of foodborne illness or danger to the public than any of the usual activities at Amanah.

It therefore follows that the only party who will suffer if injunctive relief is not granted are the Plaintiffs. The only downside to USDA is a minute exception is being made, if the Motion is granted the court is effectively decreeing that for one day, a single instance, a Halal facility can host a Kosher slaughter.

### Plaintiffs' Causes of Action

Plaintiff's complaint consisted of a single compelling count: USDA's objection to allowing the birds from the Shlug to be slaughtered at the Amanah constitutes an impermissible interference with Jewish religious observance of the Shlug.

Plaintiff and the Detroit Jewish Community ought to prevail on the merits as the accommodation being asked is minimal and the harm so large.

**I. Whether the Plaintiffs has shown a strong or substantial likelihood of success on the merits**

Plaintiff's case in enshrined in the very fabric of religious liberty conferred on us by the Constitution. Shlug Kapores is one of the oldest continuing rituals in the world today. It deserves and should be seen as one of the reasons there is a first amendment.

Plaintiff brought suit to save this year's Shlug, not to permanently skirt USDA inspection. While Defendant might claim they did not mean harm, they are nevertheless causing great harm however unintended. Because the harm is

6

so great and goes to religious liberties; Plaintiff's likelihood of success is excellent.

**II. Whether the Plaintiffs has shown irreparable injury**

Equitable relief depends on the probability of irreparable harm, even when constitutional rights are at stake. See *Sampson v Murray*, 415 US 61, 81-92 (1974). The freedom of religion was put in the first amendment of the Bill of Rights because it is one of the most central of our freedoms. Freedom of Conscience is the foundation stone of society.

Shlug Kapores is to be found across the Jewish world. It is part of the Jewish people's observance of the High Holy Days of Rosh Hashanah and Yom Kippur.

If this Motion fails, hundreds of families in Michigan will be affected: the Jews who observe the ritual and then the poor Jews fed before the 27 hour long fast before Yom Kippur.

For the Plaintiff and the Jewish community he serves, this harm could not be more irreparable.

Under the Supreme Court test put forward in *Winter, et al. v. Natural Resources Defense Council, Inc., et al.*, 555 US 7 (2008), the party seeking injunctive relief must demonstrate a *probability*, not merely a *possibility*, of irreparable harm in the absence of an injunction. Here there is not just a probability but certainty as to the harm.

The element of irreparable harm is completely satisfied under the present circumstances and, given the impact on Plaintiffs' case, the likelihood

7

of prevailing on the merits test must be considered a secondary factor in the court's balancing of interests test.

**III. Whether the issuance of a preliminary injunction would cause substantial harm to others**

Plaintiffs' request will not cause substantial harm to anyone. Regardless of outcome, Defendant is not injured. The birds will be killed at an inspected facility exactly as they would normally be killed.

Without question USDA has a duty to protect the public from food-borne illness. The fact that there has never been any previous problem and the fact the facility being used is well situated and inspected to specifically avoid the biggest concern Defendant might have should be very reassuring to the court.

Additionally, since the Motion is only meant to deal with the fact that there is not enough time to otherwise certify a facility, Defendants' likelihood of suffering any loss to their reputation or injury to the public is virtually nil.

The general public will not be harmed as the facility already is inspected per USDA regulations. There is no possible negative impact to the public in general or to any governmental body whatsoever if relief is granted. No one will see USDA's enforcement as weakened if Plaintiff's motion is granted.

The only party that certainly will be affected by injunctive relief are the Plaintiffs: if this Motion is granted the 2015 Shlug can be held. If the motion is not granted, plaintiff loses this case; there will not be a Shlug.

**IV. Whether the public interest would be served by issuing a preliminary injunction**

Unquestionably, the public interest is served by granting a preliminary injunction. It places the first amendment at the peak of our liberties, where it belongs. Our judicial system is seen as wise and understanding and USDA sees its agencies standing for its rules and accepting the rarest exception when situations like this come up. For the indigent Jews whose meal before the long Yom Kippur fast depends on this Court's favorable ruling, that part of the public's interest is served best of all.

Plaintiffs' motion for injunctive truly serves the public interest and satisfies the requisite tests for relief.

## CONCLUSION

This is a simple case of a Court being asked to save a holiday.

Rabbi Bergstein asks this court to simply rule that just this once, never to be repeated, that Amanah's Halal facility is to permit the birds of the 2015 Shlug Kapores to be slaughtered by a shokhet using the process and standards usual at Amanah.

This motion meets and exceeds every standard for injunctive relief, the underlying case's merits are strong, the irreparable harm is unquestionable and the public and others will not be negatively affected by granting injunctive relief.

WHEREFORE, Plaintiffs respectfully requests that this Honorable Court issue a preliminary injunction ordering Defendant to permit the 2015 Shlug Kapores to go forward so long as the usual public health and safety standards are otherwise followed.

                                            Respectfully submitted,

Dated: September 20, 2015         ____/s/ __ Gilbert Borman _
                                            Gilbert Borman (P37642)
                                            LAW OFFICE OF GILBERT BORMAN PLLC
                                            Attorney for Plaintiffs
                                            30700 Telegraph Road #2560
                                            Bingham Farms, MI 48025
                                            (248) 825-3131
                                            gb@borman.net

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on September 20, 2012, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to the attorneys of record in this matter and that Defendant was notified by phone of this Motion.

Dated: September 20, 2015            ____/s/ __ Gilbert Borman _
                                     Gilbert Borman (P37642)
                                     LAW OFFICE OF GILBERT BORMAN PLLC
                                     Attorney for Plaintiffs
                                     30700 Telegraph Road #2560
                                     Bingham Farms, MI 48025
                                     (248) 825-3131
                                     gb@borman.net